S04Y0839. IN THE MATTER OF JOHN H. ARMWOOD.
(592 SE2d 853)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master that Respondent John H. Armwood be suspended for one year for his violations of Standards 22 (b) and 44 of Bar Rule 4-102 (d). The Court previously rejected Armwood's petition for voluntary discipline in which he sought a Review Panel reprimand, see S02Y1222 (June 7, 2002). The parties thereafter stipulated as to the facts, and the special master held a hearing only with respect to the appropriate level of discipline to be imposed. After considering the evidence and argument put forth at the hearing, the special master noted that Standard 22 is punishable by a public reprimand and Standard 44 is punishable by disbarment, and recommended the one-year suspension. Neither party sought a Review Panel review and, therefore, they are deemed to have waived any right to oral argument before this Court or to file exceptions, Bar Rule 4-217 (c).

Pursuant to the stipulation, the special master found that Armwood was hired by an agent of a company in June 1999 to represent it against another company in a legal dispute regarding payment of sales commissions. The agent sent him a retainer fee in the amount of $750 and Armwood sent a letter on or about June 15, 1999, to a representative of the opposing company. After sending the letter, Armwood had no further communications with the opposing company, nor did he file a lawsuit on behalf of his client company. Although Armwood was a sole practitioner at the time he agreed to represent the client company, he subsequently accepted employment

as an associate attorney in a law firm, after which he no longer had control over the legal matters on which he worked. He admits that he never informed the agent of this development, nor did he communicate with the client company or insure that someone was handling the client's legal matter. On or about October 13, 2000, a different agent for the client company wrote Armwood asking for copies of all letters and communications between him and the opposing company. When Armwood failed to respond, that agent wrote him a second letter on October 27, 2000, terminating his services and directing that all documents relating to the client company's legal matter be returned. In response, however, Armwood sent the agent a copy of an incomplete file.

Armwood's actions constitute violations of Standards 22 (b) and 44 of Bar Rule 4-102 (d), and the only issue before the special master and this Court is the appropriate sanction to be imposed. In aggravation of discipline, we find that Armwood has had prior disciplinary action against him, has shown a pattern of misconduct, and has committed multiple offenses. Accordingly, we agree that Armwood should be suspended, and hereby suspend him from the practice of law for a period of one year from the date of this opinion. Armwood is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED FEBRUARY 16, 2004 —
RECONSIDERATION DENIED MARCH 5, 2004.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia. *Williams & Associates, Rita T. Williams*, for Armwood.