S04Y1097. IN THE MATTER OF JOHN H. ARMWOOD.

(600 SE2d 369)

PER CURIAM.

In May 2003, the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia found probable cause to charge respondent John H. Armwood with violation of Rules 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct. Rule 4-212 (a), Rules and Regulations of the State Bar of Georgia. The State Bar of Georgia then filed a Formal Complaint alleging Armwood's conduct violated Rules 1.3 and 1.4.[1] While respondent Armwood acknowledged service of the Notice of Probable Cause and the Formal Complaint, his failure to answer resulted in the deemed admission of the facts alleged and violations charged. See Rule 4-102 of the Rules and Regulations of the State Bar of Georgia.

The facts as deemed admitted show that Ms. Patsy Blessing hired Armwood in September 2002 to represent her son against

---

[1] Rule 1.3 requires an attorney to act with reasonable diligence and promptness in representing a client, meaning that "a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a matter entrusted to the lawyer." Rule 1.4 requires an attorney to explain a matter to a client "to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information." Violation of Rule 1.3 can result in a maximum punishment of disbarment; violation of Rule 1.4 can result in imposition of a public reprimand.

misdemeanor charges and paid Armwood $1,500. While Armwood visited the jailed client, he did not file an entry of appearance, did not request a preliminary hearing, and did not respond to either Ms. Blessing's or the client's repeated requests for information about the case. In December 2002, at the request of the incarcerated client, the county public defender filed an entry of appearance on his behalf. The facts alleged and deemed admitted are sufficient to authorize the conclusion that Armwood violated Rules 1.3 and 1.4.

"A finding of a third . . . disciplinary infraction under these rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment." Rule 4-103, Rules and Regulations of the State Bar of Georgia. The Review Panel determined Armwood received reprimands from the Investigative Panel in 1996 and in 2002. Accordingly, the Review Panel recommendation of a two-year suspension as a disciplinary sanction is authorized. In addition, we note that Armwood is currently suspended from the practice of law for one year by order of this Court as a result of abandoning a client in June-October 1999. *In the Matter of John H. Armwood*, 277 Ga. 641 (592 SE2d 853) (2004). We agree with the Review Panel that Armwood's conduct warrants a two-year suspension. We further agree with the Review Panel's recommendation that, as a prerequisite to his reinstatement to the practice of law, Armwood be required to reimburse any unrefunded portion of the $1,500 charged Ms. Blessing and to submit evidence of his attendance at and successful completion of 12 hours of Law Office Management in an ICLE-approved program. To the extent he has not already complied, Armwood is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with reinstatement upon conditions. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I dissent to the majority's conclusion that the appropriate level of discipline in this case is a two-year suspension. Instead, I would disbar Armwood from the practice of law in the State of Georgia. Rule 4-103 of the Rules and Regulations of the State Bar of Georgia allows for disbarment upon a finding of a third disciplinary infraction. Apart from his current infraction, Armwood has already received reprimands in 1996 and 2002 and currently is suspended from practice for other misconduct. See *In the Matter of John H. Armwood*, 277 Ga. 641 (592 SE2d 853) (2004). In my opinion, Armwood's pattern of misconduct, once more evident in this case, constitutes a disciplinary infraction, which, under Bar Rule 4-103 warrants disbarment.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JULY 12, 2004.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Rita T. Williams*, for Armwood.